# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DAVID FERNSLER,

    Petitioner,

v.

LEBANON COUNTY, PENNSYLVANIA,

    Respondent.

CIVIL ACTION NO. 1:14-CV-00744

(KANE, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On April 17, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Michael David Fernsler, on April 14, 2014. (Doc. 1). At the time of filing, Fernsler was incarcerated at SCI Retreat, which is located in Luzerne County, Pennsylvania.

### I. STATEMENT OF THE CASE

#### A. PROCEDURAL HISTORY

On March 26, 2008, Fernsler pleaded guilty before the Court of Common Pleas of Lebanon County to attempted rape, kidnapping, aggravated indecent assault, indecent assault, terroristic threats, unlawful restraint, indecent exposure, reckless endangerment. *Commonwealth v. Fernsler*, No. CP-38-CR-0002434-2007 (Lebanon County C.C.P.).[1] On May 14, 2008, Fernsler was sentenced to an aggregate term of 12 to 35 years in prison. *Commonwealth v. Fernsler*, No.

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records. *Minney v. Winstead*, Civil Action No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Lebanon County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

CP-38-CR-0002434-2007 (Lebanon County C.C.P.). Fernsler did not file a direct appeal from his judgment of conviction.

Fernsler filed a *pro se* PCRA petition in the Lebanon County Court of Common Pleas on May 15, 2009. *Commonwealth v. Fernsler*, No. CP-38-CR-0002434-2007 (Lebanon County C.C.P.). On September 24, 2009, the Court of Common Pleas denied and dismissed Fernsler's *pro se* PCRA petition as untimely filed. *Commonwealth v. Fernsler*, No. CP-38-CR-0002434-2007 (Lebanon County C.C.P.). Fernsler appealed this PCRA decision to the Superior Court of Pennsylvania, which affirmed the lower court's denial of PCRA relief on July 22, 2010. *Commonwealth v. Fernsler*, 6 A.3d 570 (Pa. Super. Ct. 2010) (mem. table decision); *see also Commonwealth v. Fernsler*, No. 1852 MDA 2009 (Pa. Super. Ct.). Fernsler did not file a petition for allocatur in the Supreme Court of Pennsylvania.

Fernsler filed a second *pro se* PCRA petition in the Lebanon County Court of Common Pleas on June 15, 2012. *Commonwealth v. Fernsler*, No. CP-38-CR-0002434-2007 (Lebanon County C.C.P.). On September 24, 2012, the Court of Common Pleas denied Fernsler's second *pro se* PCRA petition. *Commonwealth v. Fernsler*, No. CP-38-CR-0002434-2007 (Lebanon County C.C.P.). Fernsler appealed this PCRA decision to the Superior Court, which affirmed the lower court's denial of PCRA relief on September 17, 2013. *Commonwealth v. Fernsler*, 87 A.3d 385 (Pa. Super. Ct. 2013) (mem. table decision); *see also Commonwealth v. Fernsler*, No. 1894 MDA 2012 (Pa. Super. Ct.). Fernsler petitioned the Supreme Court of Pennsylvania for allocatur, which was denied on February 19, 2014. *Commonwealth v. Fernsler*, 85 A.3d 482 (Pa. 2014) (mem. table decision); *see also Commonwealth v. Fernsler*, No. 798 MAL 2013 (Pa.).

Fernsler filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 on April 14, 2014,[2] together with a supporting memorandum of law. (Doc. 1-3). The undersigned United States Magistrate Judge reviewed the petition and supporting memorandum pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and ordered the Fernsler to show cause why his petition should not be summarily dismissed as untimely. (Doc. 3). On July 11, 2014, Fernsler filed his response to the order to show cause. (Doc. 5). On November 4, 2014, Fernsler filed an amendment to his petition, adding another ground for federal habeas relief. (Doc. 6).

### B. HABEAS CLAIMS PRESENTED

The petition asserts that Fernsler is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Police continued to question Fernsler after he invoked his *Miranda* rights;

(2) The PCRA court failed to permit Fernsler access to discovery materials and trial court transcripts necessary to his PCRA appeal;

(3) The trial court exceeded the sentencing guidelines and imposed an excessive sentence based on the improper consideration of Fernsler's former occupation as a police officer; and

(4) Fernsler was denied effective assistance of counsel in trial proceedings because his trial counsel failed to adequately review the evidence, his trial counsel negotiated and permitted Fernsler to accept a plea agreement when proceeding to trial would have permitted a more favorable outcome, and his trial counsel failed to object to the errors listed above.

Fernsler alleges in his petition that he presented each of these claims to the Superior and Supreme Courts of Pennsylvania on PCRA appeal, and that his failure to raise these issues on direct appeal was due to ineffective assistance of counsel.

---

[2] The instant petition was received and docketed by this Court on April 17, 2014, but it appears to have been deposited in the prison mail system on April 14, 2014, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, 28 U.S.C. § 2244(d)(1), and the circumstances under which the limitation period may be tolled, 28 U.S.C. § 2244(d)(2).

### A. CALCULATION OF THE APPLICABLE LIMITATION PERIOD

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[3]

---

[3] In response to the Court's Rule 4 order to show cause, Fernsler contends that his petition is timely filed under a different statutory provision. Under 28 U.S.C. § 2244(d)(1)(C), the AEDPA's limitation period begins to run not on the date when the petitioner's judgment of conviction became final, but on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C § 2244(d)(1)(C). Fernsler argues that his claims are precipitated by two decisions by the Supreme Court of the United States, both filed on March 21, 2012 — *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) — which together established a new constitutional rule that criminal defendants are entitled to the effective assistance of counsel in connection with guilty plea agreements. (Doc. 4). Although the Supreme Court in *Lafler* and *Frye* did not explicitly address whether its holdings created new rights that apply retroactively to cases on collateral review, lower courts have uniformly held that these decisions did not announce new rules of constitutional law that have been made retroactive, but rather merely clarified how the existing standard for ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies in the plea negotiation context. *Navar v. Warden Fort Dix FCI*, 569 Fed. App'x 139, 140 n.1 (3d Cir. 2014) (per curiam); *In re Williams*, No. 12-3924, 2012 U.S. App. LEXIS 24166 (3d Cir. Nov. 5, 2012) (mem.); *Sanchez v. Burns*, 24 F. Supp. 3d 441, 444–45 (E.D. Pa. 2014); *accord Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013) (per curiam); *United States v. Ocampo*, 919 F. Supp. 2d 898, 915 (E.D. Mich. 2013); *see also Chaidez v. United States*, 133 S. Ct. 1103, 1114–15 & n.1 (2013) (Sotomayor, J., dissenting) ("[W]e have never found that an application of *Strickland* resulted in a new rule.") (citing *Lafler*).

Where a prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Here, the order of sentence was entered by the state trial court on May 14, 2008. Because Fernsler did not file a timely notice of appeal to the Superior Court of Pennsylvania, his conviction became final thirty days later on June 13, 2008. *See* Pa. R. App. P. 903(a) (permitting 30 days after entry of trial court order to file notice of appeal to Superior Court).

Thus, absent any applicable tolling period, Fernsler had until June 13, 2009, to timely file his federal habeas petition for a writ of habeas corpus. The instant petition was filed nearly five years later on April 14, 2014.

### B. STATUTORY TOLLING

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In this case, however, Fernsler did not file his first state PCRA petition until May 15, 2009, one day after the state limitation period had expired. *See Commonwealth v. Fernsler*, No. CP-22-CR-0002173-2006 (Dauphin County C.C.P.). (*See also* Doc. 1-2, at 25 (Superior Court order noting that only issue on appeal was whether PCRA petition was timely filed)). An untimely state PCRA petition is not "properly filed," and therefore cannot toll the federal habeas limitations period. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Merritt v. Blaine*, 326 F.3d 157, 163–66 (3d Cir. 2003); *Fahy v. Horn*, 240 F.3d 239, 243–44 (3d Cir. 2001).

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

### C. EQUITABLE TOLLING

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

In his response to the Court's Rule 4 order to show cause, Fernsler has relied exclusively — and fruitlessly — on a legal argument that his petition is subject to an alternative statutory provision under which the AEDPA limitation period would have commenced at a much later date. *See supra* note 3. He has alleged no extraordinary circumstances that stood in his way and prevented him from timely filing a federal habeas petition.

Accordingly, Fernsler has failed to demonstrate that he is entitled to any period of equitable tolling.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed. It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: March 5, 2015                                *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DAVID FERNSLER,<br><br>    Petitioner,<br><br>v.<br><br>LEBANON COUNTY, PENNSYLVANIA,<br><br>    Respondent. | CIVIL ACTION NO. 1:14-CV-00744<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 5, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 5, 2015**                                          *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**