IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL DAVID FERNSLER,** | : | |
| Petitioner | : | No. 1:14-cv-00744 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **LEBANON COUNTY, PENNSYLVANIA,** | : | (Magistrate Judge Mehalchick) |
| Respondent | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 28, 2008, Petitioner Michael David Fernsler[1] pleaded guilty in the Court of Common Pleas of Lebanon County, Pennsylvania to attempted rape, kidnapping, aggravated indecent assault, indecent assault, terroristic threats, unlawful restraint, indecent exposure, and reckless endangerment.[2] (Doc. No. 9 at 1.) On May 14, 2008, he was sentenced to an aggregate term of 12 to 35 years in prison. (Id.) Petitioner did not directly appeal this judgment. (Id. at 2.) However, on May 15, 2009, he filed a pro se Post-Conviction Relief Act (PCRA) petition with the Court of Common Pleas of Lebanon County, Pennsylvania; that court denied the petition as untimely. (Id.) He appealed this decision to both the Pennsylvania Superior Court, which affirmed the denial of his petition. (Id.) He filed a second PCRA on June 15, 2012; this second petition was also denied, and subsequent appeals to both the Pennsylvania Superior and Supreme

---

[1] Petitioner has filed a different petition arising out of a separate conviction and sentence, Fernsler v. Dauphin County, Pennsylvania, No. 1:14-cv-00743, which petition is also before the Court on a Report and Recommendation from Magistrate Judge Mehalchick, and which the Court will address in a separate order.

[2] These facts are taken from Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 9), which contains a thorough history of this case that the Court will not rehash here.

Courts were unsuccessful.  (Id.)

On April 14, 2014, while incarcerated at SCI-Retreat in Luzerne County, Pennsylvania, Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Magistrate Judge Mehalchick ordered Petitioner to show cause why his petition should not be dismissed as untimely (Doc. Nos. 3, 4); he filed a response on July 1, 2014 (Doc. No. 5), and then an amended petition on November 4, 2014 (Doc. No. 6), adding a new ground for relief.  Petitioner alleges multiple grounds on which he seeks relief, including a claim for ineffective assistance of counsel.

On March 5, 2015, Magistrate Judge Mehalchick issued a Report and Recommendation in which she recommends that the Court dismiss the petition with prejudice as untimely.  (Doc. No. 9.)  In relevant part, Magistrate Judge Mehalchick concludes that Petitioner's petition was untimely because he had to file his petition by June 13, 2009, and he filed it on April 14, 2014, nearly five years later.  (Id. at 4-5.)  She further concludes that there were no grounds for either statutory or equitable tolling of the limitations.  (Id. at 5-6.)  Petitioner filed timely objections on March 18, 2015.  (Doc. No. 10.)

The Court finds Petitioner's objections without merit, and will overrule them.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner such as Petitioner must file a habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  As Magistrate Judge Mehalchick correctly found (Doc. No. 9 at 5), Petitioner's conviction became final on June 13, 2008, and Petitioner therefore had until June 13, 2009 to file his habeas corpus petition.  However, the present petition was not filed until April 14, 2014.

Petitioner objects on the ground that this Court should find that his June 2012 state court PCRA petition – rather than, apparently, his 2014 Section 2254 petition – was timely filed, because that petition was based on new rules of law handed down by the United States Supreme Court in March 2012.[3] (Doc. No. 10 at 1 (citing Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S. Ct. 1399 (2012).) The Court presumes that Petitioner is therefore contending that statutory tolling should apply to his present Section 2254 petition, although he does not directly state as such.[4] Regardless, the Court will overrule this objection. The AEDPA provides that its one-year limitation period may begin to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Magistrate Judge Mehalchick rejected Petitioner's precise argument in her Report and Recommendation, and the Court agrees. Neither case cited by Petitioner sets forth a "new rule of constitutional law" and, accordingly, the tolling provision does not apply to Petitioner. See, e.g., Navar v. Warden Fort Dix FCI, 569 F. App'x 139, 140 n.1 (3d Cir. 2014); Sanchez v. Burns, 24 F. Supp. 3d 441, 444-45 (E.D. Pa. 2014).[5]

---

[3] Petitioner also devotes much of his objections to re-stating his underlying claims for relief (see Doc. No. 10 at 2), but these have no bearing on the issue of the timeliness of his petition.

[4] As Magistrate Judge Mehalchick noted, the AEDPA's limitation period may be tolled by statute during the time "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

[5] Petitioner also appears to object on the grounds that his 2009 state PCRA petition was denied as untimely despite being only "one day late." (Doc. No. 10 at 2.) However, he presents no legal or factual basis that would support or permit this Court to disturb those findings. Because Petitioner had no "properly filed" PCRA petition, there is no grounds for tolling the limitations period. See Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

The Court will also adopt Magistrate Judge Mehalchick's recommendation that it decline to issue a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right."  In other words, a certificate of appealability should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court agrees that Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

**ACCORDINGLY**, this 22nd  day of June 2015, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 9) is **ADOPTED**;

2. Petitioner's objections (Doc. No. 10) are **OVERRULED**;

3. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED WITH PREJUDICE**;

4. A certificate of appealability **WILL NOT ISSUE**; and,

5. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
